STATE v. GREGORY PARKER MILLS.

185 N. W. (2d) 276.

March 12, 1971—No. 41868.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy* and *Rosalie E. Wahl,* Assistant State Public Defenders, for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney, and *David G. Roston,* Assistant County Attorney, for respondent.

Heard before Nelson, Otis, Rogosheske, Kelly, and Odden, JJ.

PER CURIAM.

Defendant appeals from a judgment of conviction of the crime of burglary in violation of Minn. St. 1967, § 609.58, subd. 2(3). Subd. 2, so far as material, provides:

"Whoever enters a building without the consent of the person in lawful possession, with intent to commit a crime therein, commits burglary * * *."

Represented by retained counsel, defendant entered a plea of not guilty to the information charging him with burglariously entering the B &

C Furniture Discount Mart in Minneapolis on February 25, 1968. He waived his right to a jury trial and was tried by the court and found guilty on March 25, 1968.

The sole issue raised on this appeal is the sufficiency of the evidence to sustain his conviction.

The evidence appears undisputed that police officers, responding to a silent alarm, apprehended and arrested defendant inside the building shortly after he entered it at about 4 a. m. on February 25. Defendant, however, contends that evidence of his intoxication when arrested, including his testimony that he was in a drunken stupor, was unaware of his actions, and could not remember anything concerning his arrest, negates the essential element of his offense, namely, his intent to commit a crime.

In a case such as this, where apprehension occurs before anything in the building is taken or disturbed, proof of intent to commit a crime must necessarily rest on a permissible inference reasonably to be drawn from all of the facts and circumstances proved. Bearing in mind the limited scope of our review of a fact issue, especially one which involves subjective intent and the resolution of which turns largely on an assessment of the relative credibility and persuasive force of the testimony of witnesses whose testimonial demeanor could be observed only by the trial judge, we are satisfied that the evidence is sufficient to sustain the court's finding that defendant entered the building with an intent to steal. Evidence of his unsuccessful attempt to enter through a ground-level window, his successful entry through a window about 10 feet above the ground by climbing upon a refrigerator, the removal of his shoes near the point of entry, the place of his arrest within the building, and the state's evidence, direct and impeaching, of defendant's condition and conduct following arrest justify, we believe, a finding by permissible inference that defendant entered the building with intent to steal. State v. Bonga, 278 Minn. 181, 153 N. W. (2d) 127; State v. Crosby, 277 Minn. 22, 151 N. W. (2d) 297.

Affirmed.