## STATE v. HAROLD C. NELSON.

250 N. W. 2d 816.

November 12, 1976—No. 44249.

*C. Paul Jones*, State Public Defender, and *Gregory A. Gaut*, Assistant State Public Defender, for appellant.

*Warren Spannaus*, Attorney General, *Gary W. Flakne*, County Attorney, and *Vernon E. Bergstrom, David W. Larson, Lee Barry*, and *Phebe Haugen*, Assistant County Attorneys, for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

In 1972 defendant, pursuant to a plea bargain negotiated by his privately retained counsel, entered a guilty plea to a charge

of kidnapping for the purpose of committing indecent liberties. Minn. St. 609.25, subd. 1(2)(3). Thereafter, charges against him for sodomy, aggravated sodomy, indecent liberties, and use of drugs to facilitate commission of a crime were dismissed and defendant received a limited sentence of 10 years in prison.[1] While his direct appeal to this court was pending, defendant moved for an order remanding the case for a postconviction hearing. The postconviction court denied defendant's petition for relief. We affirm this order as well as the judgment of conviction.

Defendant's first contention is that the trial court erred in accepting his guilty plea without first interrogating him personally to establish that there was a factual basis and that the plea was voluntarily and knowingly entered. Recently, in State v. Hoaglund, 307 Minn. 322, 240 N. W. 2d 4 (1976), we emphasized strongly that the trial court has the primary responsibility to elicit from a defendant the testimony needed to establish a proper plea. However, in State v. Nace, 308 Minn. 170, 241 N. W. 2d 101 (1976), we reaffirmed that defendants will not be permitted to plead anew simply because the court did not elicit the testimony so long as the record contains sufficient testimony. Here, defense counsel and the prosecutor elicited sufficient testimony establishing that there was a factual basis and that the plea was voluntary.

Defendant's second contention is that the postconviction court erred in determining that the plea was freely and voluntarily entered. In reaching this determination, the court properly rejected defendant's claim that the transcript of the change of plea hearing was inaccurate. The transcript, as well as the testimony of defendant's trial counsel at the postconviction hearing, provided a sufficient evidentiary basis for the postconviction court's determination that the plea was freely and voluntarily entered.

Affirmed.

---

[1] Defendant is now released on parole.