**STATE of Minnesota, Respondent,**

v.

**Gary L. LARSON, Appellant.**

**No. C2-83-774.**

Supreme Court of Minnesota.

Dec. 14, 1984.

C. Paul Jones, Public Defender, Michael F. Cromett, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., Norman B. Coleman, Jr., James B. Early, Sp. Asst. Attys. Gen., St. Paul, David Twa, Mankato, for respondent.

YETKA, Justice.

Defendant was charged by three complaints with three separate acts of uttering

forged checks, two on February 4, 1982, and one on March 6, 1982, and he was charged by a fourth complaint with counts of burglary, possession of burglary tools, and trespass in connection with an incident occurring on December 1, 1982. A district court jury found him guilty as charged. The trial court sentenced defendant for the three uttering convictions to a stay of imposition with 1 year in jail and 5 years' probation as a condition of the stay; to a stay of imposition for the burglary conviction with the same conditions; and to 19 months in prison, with execution stayed on the same conditions, for the conviction of possessing burglary tools. Subsequently, the trial court vacated the burglary conviction because the court concluded that there was insufficient evidence that defendant had any intent to commit a crime other than trespass when he entered the building in question. On appeal, defendant seeks (1) an outright reversal of the three uttering convictions and the conviction of possessing burglary tools because the evidence was legally insufficient; (2) a new trial because the trial court erred in its instructions to the jury; or (3) at least a modification of his sentence for possession of burglary tools from 19 months stayed to 13 months stayed. We affirm defendant's convictions of uttering forged checks and vacate defendant's conviction of possessing burglary tools. Because we vacate the conviction of possessing burglary tools, we do not address the contention that defendant's sentence for that offense must be reduced.

1. (a) The state's evidence established that defendant signed his former wife's name to the checks and uttered them, knowing that he had no right to sign her name or use the checks. We therefore conclude that the evidence was sufficient to support the three uttering convictions. There is no merit to the contention that the prosecutor abused his discretion in charging defendant with the offenses rather than leaving the matter to the Family Court. In *State v. Mayhood*, 308 Minn. 259, 241 N.W.2d 803 (1976), we expressed the opinion that prosecutors ought not to prosecute defendants for crimes if those matters could better be resolved in the Family Court. The prosecutor clearly did not abuse his charging discretion in this case.

(b) We agree with defendant that the state has to do more than establish an intent to commit the crime of trespass in order to obtain a burglary conviction or a conviction of possessing burglary tools. The intent must be to commit some independent crime after entering the building illegally. The Court of Appeals so held in *State v. Roberts*, 350 N.W.2d 448 (Minn.Ct. App.1984), and that holding is consistent with the wording of the burglary statute, Minn.Stat. § 609.58 (1982), as well as with the views of most authorities, *see, e.g.*, Model Penal Code § 221.1 comment 3(c) (1980). To allow an intent to commit a trespass to satisfy the requirement of intent to commit a crime would mean that a mere trespasser who had no intent other than to enter or remain in a building without the consent of the owner could be convicted of burglary.

The trial court, in vacating defendant's burglary conviction, stated that the state's evidence failed to establish any intent other than an intent to commit trespass. Because we believe that this is true, the conviction of possession of burglary tools must be reversed outright also. In an ordinary case, where the defendant does not have any family relationship to the person whose building is entered, the apprehension of the defendant inside the building by the police usually would be enough to support a burglary conviction, the jury being permitted to infer the intent to commit a crime. *See State v. Mills*, 289 Minn. 528, 185 N.W.2d 276 (1971) (upholding burglary conviction of man found in drunken stupor inside building he had entered without consent). In this case, however, defendant was the former husband of the lawful possessor of the building. Further, in a number of prior unconsented entries, he apparently had done nothing criminal once inside, that is, had not threat-

ened his former wife and had not taken anything. One item of evidence that distinguishes his conduct on December 1 is evidence that his former wife discovered certain personal papers were missing after defendant entered the house. However, we are not satisfied, under all the circumstances, that the evidence was enough to support an inference that defendant had any intent to steal anything when he entered the house. In summary, although we believe that defendant's conduct in breaking into the house was unlawful and unjustified, we do not believe that it falls within the parameters of either the burglary statute or the statute prohibiting possession of tools with intent to commit a burglary. Accordingly, we vacate defendant's conviction of possession of burglary tools.

2. Defendant also contends that the trial court committed prejudicial error in its instructions to the jury.

■ (a) First, defendant points to the court's instruction that the "attorneys are officers of this court charged with the duty to present evidence on behalf of their clients." Defense counsel objected to this. The trial court erred in making this statement, but the error could not have prejudiced defendant since the court made it clear to the jury that defendant had no burden of proof. *State v. Stephanie*, 354 N.W.2d 827, 829 (Minn.1984); *State v. Schmieg*, 322 N.W.2d 759, 760 (Minn.1982).

■ (b) Defendant next points to the trial court's instruction that no inference could be drawn from defendant's failure to testify. Defendant objected to this instruction. We have indicated that the trial court in a criminal case should not give such an instruction absent a request for such instruction by the defendant. *State v. Rosen*, 280 Minn. 550, 158 N.W.2d 202 (1968); *see* Minn.Stat. § 611.11 (1982). However, in a subsequent case, *Lakeside v. Oregon,*

435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978), the United States Supreme Court rejected the argument that a protective instruction such as this is constitutionally impermissible when given over a defendant's objection. Notwithstanding *Lakeside*, we believe that the trial court generally should leave it up to the defendant and his attorney to decide whether they want such an instruction. In this case though, we believe that the trial court was justified in giving the instruction over defendant's objection since defense counsel in his closing argument tried to use the defendant's failure to testify as part of the defense when he said that defendant "didn't call any witnesses, but by his plea of not guilty in this case, he is stating that he is not guilty. That he does not have the criminal intent that is required * * *." This statement opened the door to the giving of this instruction, as well as to the giving of another instruction, to which defense counsel objected, namely, an instruction that the fact that defendant was arrested, that he was on trial and that he had pleaded not guilty were "not to be considered [by the jury] as suggesting [defendant's] guilt or lack of guilt." A plea of not guilty is not testimony or the equivalent of testimony; rather, it is merely the formal way a criminal defendant puts the state to its burden of proving his guilt of all the elements of the offense beyond a reasonable doubt.[1] The prosecutor, in closing argument, may not try to interpret the meaning of a defendant's not guilty plea by saying that defendant's not guilty plea constitutes a "challenge" to the state to prove him guilty. *State v. Miles*, 255 N.W.2d 48, 49 (Minn.1977). It is just as improper for defense counsel to try to interpret the defendant's not guilty plea for the jury. In this case, defense counsel arguably was trying to use defendant's not guilty plea as an equivalent of or substitute for defend-

---

**1.** In *Wood v. United States,* the District of Columbia Circuit Court stated in relevant part: [A plea of not guilty] has no effect as testimony or as evidence in behalf of the accused. If he wishes his denial to be effective as evidence, he must make it as such from the witness stand. The function of that plea is to put the Government to its proof and to preserve the right to defend. It does not go to prove that the defendant is innocent. 128 F.2d 265, 273 (D.C.Cir.1941) (Rutledge, J.).

ant's testifying. The trial court so concluded and, by these instructions, was trying to neutralize this. *Cf. People v. Finney*, 88 Ill.App.2d 204, 232 N.E.2d 247 (1967), *cert. denied*, 392 U.S. 936, 88 S.Ct. 2304, 20 L.Ed.2d 1394 (1968) (holding that defense counsel "opened the door" to response by prosecutor when he tried to turn defendant's failure to testify to his advantage in closing argument). Since the trial court should be given some leeway in such matters, we conclude that the trial court did not err in giving the instructions.[2]

■ (c) Defendant finally points to the court's making the following statement as it enumerated the elements of burglary:

> Now, these are the elements of this crime of burglary. First, the structure involved, in this case Raleen Larson's residence, must be a building and there's no question about that.

Defense counsel objected to this also. In *State v. White*, we dealt with an identical contention as follows:

> As to defendant's contention that the trial court erred in instructing the jury that there was no question but that the building entered was a "dwelling," we need say only that—while trial courts should be "extremely reluctant" to give such instructions, see *State v. Carlson*, 268 N.W.2d 553 (Minn.1978)—the instruction clearly was not prejudicial because the building obviously was a dwelling and defendant never contended otherwise.

300 N.W.2d 176, 178 (Minn.1980).

■ Affirmed in part, reversed in part.

---

2. Our conclusion that, in this case, the trial court was justified in instructing the jury that defendant's plea of not guilty was not evidence of defendant's lack of guilt does not represent a change in our opinion that generally such an instruction is inadvisable and ought not be given. *State v. Fossen*, 282 N.W.2d 496, 510 (Minn. 1979).