STATE of Minnesota, Respondent,

v.

Steven Allen NELSON, Appellant.

No. CX–84–1262.

Court of Appeals of Minnesota.

Feb. 19, 1985.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Martha J. Casserly, Sp. Asst. Attys. Gen., St. Paul, Thomas McCarthy, Sibley County Atty., Winthrop, for respondent.

C. Paul Jones, Minn. State Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

Appellant Steven Allen Nelson was convicted of burglary in the third degree in violation of Minn.Stat. § 609.582, subd. 3; § 609.05 (1982). On appeal he contends the evidence was insufficient to show that he entered the building with the requisite intent to steal. We affirm.

## FACTS

The State's evidence showed that in the early morning hours of November 11, 1983, Nelson was driving with passengers Ricky Alt and Todd Alt near Green Isle, Minnesota. According to the Alts' testimony at trial, Nelson and Ricky Alt decided to burglarize the Crop-Made Fertilizer Plant just south of Green Isle. They got out of the car and approached the building while Todd Alt waited in the car to be the get-away driver. Nelson then walked up to a window of the building and pried open the window, while Ricky Alt watched two barking dogs in the opposite direction. Shortly thereafter an alarm went off, and Nelson told Ricky Alt that he had just stepped in when the alarm went off. Nelson and Ricky Alt left, walking on foot along a railroad track.

Meanwhile, Richard Tuchtenhagen, the owner of the plant, received a call from the 3M alarm system reporting that a motion detector had been activated. On his way to the plant Tuchtenhagen observed an automobile parked just south of the plant and noticed that the car's motor was running but the headlights were off. After Tuchtenhagen turned off the alarm, he returned home to call the sheriff's office. He noticed that the same car he had seen earlier had turned around and was facing the other direction. A deputy sheriff responding to the alarm stopped and asked the individual in the car, Todd Alt, what he was doing there. Todd Alt identified himself and said he was just resting. The officer proceeded to the plant and talked to Tuchtenhagen. Todd Alt was arrested shortly thereafter near Arlington, Minnesota.

At the plant investigators found that the window's screen had been removed and was bent and torn. Just inside the building on the top of a desk, which was about six inches below the open window, were three footprints. Three hours later, a deputy patrolling about seven miles from the plant located two hitchhikers, Nelson and Ricky Alt, and arrested them after determining that the tread pattern on Nelson's shoes matched the footprints at the plant.

At trial Tuchtenhagen testified about the 3M motion detector device. This device is located above the window, extends inside for about 24 inches, and operates like radar. He testified that to activate the alarm some motion or movement has to occur in front of the sensor to "break the bead," and thus a forward motion of about two feet in front of the window would be needed to activate the alarm.

Ricky Alt and Todd Alt agreed to testify against Nelson in exchange for dismissal of the charge against Todd. Nelson did not testify or call any witnesses.

## ISSUE

Is the evidence sufficient to sustain the jury's verdict of third degree burglary?

## ANALYSIS

■ Third-degree burglary is defined as "enter[ing] a building without consent and

with intent to steal or commit any felony or gross misdemeanor." Minn.Stat. § 609.-582, subd. 3 (Supp.1983). Nelson argues that even if the evidence showed that he stepped through the window with one leg and put one or two feet on the desk inside, this does not show that he had sufficiently entered the building. He claims that this at most showed an attempted burglary under Minn.Stat. § 609.17 (1982).

Before 1963 the Minnesota Criminal Code defined entry for burglary purposes as "the entrance of the offender into [a] building * * * or the insertion therein of any part of his body." Minn.Stat. § 621.01, subd. 7 (1961) (repealed 1963 Minn.Laws c. 753, § 17). This subdivision was repealed in the 1963 recodification because the definition of entry was deemed "unnecessary in view of the numerous decisions on the question," Minn.Stat.Ann. § 609.58, Advisory Committee Comments (1964), not because the law defining entry had changed. Entry is almost universally defined as the intrusion of any part of the offender's body into the premises. *See, e.g., People v. King,* 61 N.Y.2d 550, 475 N.Y.S.2d 260, 463 N.E.2d 601 (1984); *State v. Peck,* 82 S.D. 561, 150 N.W.2d 725 (1967); *People v. Palmer,* 83 Ill.App.3d 732, 404 N.E.2d 853 (1980); 12A C.J.S. Burglary § 22 (1980); *cf. Perdue v. State,* 398 N.E.2d 1290 (Ind.App. 1979). There is sufficient proof that Nelson entered the building.

Nelson also contends the State did not sufficiently prove that he had the requisite intent to steal. He complains that the testimony of his accomplices, Ricky Alt and Todd Alt, was not sufficiently corroborated by other evidence. *See* Minn.Stat. § 634.04 (1982) (a conviction based on accomplice testimony must be corroborated). In reviewing the record we find there is sufficient evidence to "[restore] confidence in the [accomplice] testimony, confirming its truth and pointing to defendant's guilt in substantial degree." *State v. Hayes,* 351 N.W.2d 654, 656 (Minn.Ct.App.1984), *petition for rev. denied* (Minn. Sept. 12, 1984) (quoting *State v. Houle,* 257 N.W.2d 320, 324 (Minn.1977)). Corroboration of Nelson's intent to steal consists of the following facts:

(a) Entry of the plant occurred between 3:00 a.m. and 4:00 a.m., raising an inference that there was an intent to steal, *see State v. Hall,* 286 Minn. 424, 431, 176 N.W.2d 254, 259 (1970);

(b) Nelson's car was parked close to the plant, negating any argument that he was entering merely to keep warm;

(c) Nelson's car was seen parked in three different locations, with the driver waiting, the motor running, and the headlights off, evidencing a getaway car;

(d) There was a forcible entry, and the window was left open;

(e) The building is an office in a plant which presumably contains money or items of value; and

(f) When the alarm was triggered, Nelson immediately left, evidencing flight.

Nelson's conviction was amply supported by the evidence.

**DECISION**

The evidence was sufficient to sustain the conviction for burglary in the third degree.

AFFIRMED.