**STATE of Minnesota, Respondent,**

v.

**Carl Gordan ADAMSON, Appellant.**

No. C8–84–1759.

Court of Appeals of Minnesota.

April 2, 1985.

Hubert H. Humphrey, III, Atty. Gen., State of Minn., St. Paul, Thomas Foley, Ramsey County Atty., St. Paul, for respondent.

C. Paul Jones, Minnesota Public Defender, Steven P. Russett, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and LANSING and HUSPENI, JJ., with oral argument waived.

### SUMMARY OPINION

POPOVICH, Chief Judge.

### FACTS

About noon on March 13, 1984, appellant went to the home of Gregory Barilla. Barilla, who was sleeping because he worked night shifts, heard his doorbell ring. He did not answer the door because he hoped to continue sleeping. After the bell continued ringing for several minutes, Barilla looked out his window to see if he recognized the person at the door. He did not recognize appellant and decided to open the door. As Barilla was about to unlock the

double cylinder deadbolt lock on his front door, the door was kicked open. Barilla saw appellant standing there with a shocked look on his face.

Barilla asked appellant what he was doing. Appellant claimed he was looking for someone named Bob who had stolen his wallet at a poker game. Barilla asked appellant for his name, address and phone number. Appellant gave Barilla a similar name, Carl Anderson, a false phone number, and an address where appellant may have stayed at one time. Appellant told Barilla he would pay for the door and to phone him in an hour. Barilla copied appellant's license plate number as he was leaving. When Barilla later discovered appellant had given him a false phone number, he notified the police.

Appellant was arrested and convicted of attempted burglary in the first degree in violation of Minn.Stat. §§ 609.582, subd. 1(a), 609.17 (1982), attempted burglary in the second degree in violation of Minn.Stat. §§ 609.581, 609.582, subd. 2(a), 609.17 (1982), and aggravated criminal damage to property in violation of Minn.Stat. § 609.-595, subd. 1(3) (1982). The trial court vacated the convictions for attempted second degree burglary and criminal damage to property and sentenced appellant on the attempted first degree burglary conviction. Appellant claims the evidence does not support an inference he intended to commit a crime within the residence.

## ANALYSIS

The only issue raised by appellant is the appropriateness of the trial court's finding that appellant intended to commit the crime of theft in the Barilla residence. We believe the evidence supports the trial court's conclusion.

Our scope of review in this matter is limited.

Trial court "findings are entitled to the same weight as the verdict of a jury." If the court could reasonably have found the defendant guilty, that verdict should not be reversed.

*State v. Thurmer*, 348 N.W.2d 776, 778 (Minn.Ct.App.1984) (citations omitted); *see also State v. Thompson*, 273 Minn. 1, 36, 139 N.W.2d 490, 515, *cert. denied*, 385 U.S. 817, 87 S.Ct. 39, 17 L.Ed.2d 56 (1966).

The evidence reasonably supports an inference appellant intended to commit a theft on the premises. Appellant purposefully kicked the door open using force enough to damage the metal door, the door frame, and the two locks securing the door. This was not an accidental kick in frustration as appellant claims because appellant had to hold the screen door open and use extreme force to open the door. Appellant gave false information to Barilla and did not attempt to contact Barilla after the incident. Appellant never identified the unknown Bob who had supposedly stolen his wallet. Even assuming the trial court believed appellant's story about the wallet, the evidence supports an inference appellant went to the home to steal from Bob.

Appellant did not know the victim. Moreover, the method of ringing the doorbell for a long time before committing a burglary is a common pattern. The trial court was entitled to conclude that the combination of appellant's kicking open the door and subsequent attempt to escape through deceit showed an intent to commit a theft. *See State v. Mills*, 289 Minn. 528, 529, 185 N.W.2d 276, 277 (1971); *State v. Crosby*, 277 Minn. 22, 25–26, 151 N.W.2d 297, 300 (1967); *State v. Nelson*, 363 N.W.2d 81 (Minn.Ct.App.1985).

## DECISION

Affirmed.