**STATE of Minnesota, Respondent,**

v.

**Peter Allen COLVIN, Appellant.**

**No. C4–00–1365.**

Court of Appeals of Minnesota.

June 26, 2001.

Mike Hatch, Minnesota Attorney General, James B. Early, Assistant Attorney General, St. Paul, MN; and Raymond F. Schmitz, Olmsted County Attorney, Rochester, MN, (for respondent).

John M. Stuart, Minnesota Public Defender, D. Adrian Bryan, Assistant State Public Defender, Minneapolis, MN, (for appellant).

Considered and decided by R.A. RANDALL, Presiding Judge, ROBERT SCHUMACHER and G. BARRY ANDERSON, Judges.

## OPINION

G. BARRY ANDERSON, Judge

The district court convicted appellant of first-degree burglary. Appellant argues that (1) intent to violate an order for protection is not an independent crime other than trespass, and therefore cannot satisfy an element of first-degree burglary and (2) that the evidence is insufficient to prove he intended to violate the order for protection in effect against him. We conclude that appellant intended to violate the order for protection and that the intent to violate that order constitutes intent to commit an independent crime other than trespass, an element of first-degree burglary pursuant to Minn.Stat. § 609.582, subd. 1(a). Accordingly, we affirm.

## FACTS

The parties stipulated to the facts in the record. On February 25, 1999, at approximately 10:28 p.m., Rochester police officers received a report of a restraining order violation at 704 Third Avenue Southeast. On arrival, M.C. and a juvenile who

lived with her, A.M.E., told police that A.M.E. had entered their home at approximately 6:10 p.m. and found appellant Peter Allen Colvin on the couch drinking beer and watching television. Appellant apparently entered through an unlocked window. A.M.E. asked appellant to leave and he complied. A.M.E. then telephoned M.C. at her workplace and told her about the incident. M.C., in turn, telephoned police.

The officers confirmed that M.C. had obtained an order for protection (OFP) against appellant effective for one year from October 14, 1998 and that the order was served on appellant. That order provided that appellant could not (1) commit acts of domestic abuse against M.C.; (2) have contact with M.C.; or (3) enter M.C.'s house, "even if invited to do so."

The state charged appellant with first-degree burglary, a violation of Minn.Stat. § 609.582, subd. 1(a) and violation of an order for protection in contravention of Minn.Stat. § 518B.01, subd. 14(d)(1). Appellant pleaded guilty to a separate charge of receiving stolen property and agreed to try the burglary charge to the court on stipulated facts. In exchange, the state dropped the charge for the OFP violation. The district court found appellant guilty of first-degree burglary and sentenced appellant to serve 33 months in the custody of the Commissioner of Corrections.

This appeal follows.

## ISSUES

I. Does intent to violate an order for protection satisfy an element of first-degree burglary?

II. Was the evidence sufficient for the district court to find appellant intended to violate an order for protection?

## ANALYSIS

### I.

■ Appellant first contends that intent to violate an order for protection cannot satisfy the burglary element of intent to commit an independent crime other than trespass while in the building. Whether a criminal statute has been properly construed is a question of law subject to de novo review. *State v. Murphy,* 545 N.W.2d 909, 914 (Minn.1996).

■ The state charged appellant with first-degree burglary in violation of Minn. Stat. § 609.582, subd. 1(a) (1998), which provides:

Whoever enters a building without consent and with intent to commit a crime, or enters a building without consent and commits a crime while in the building, * * * commits burglary in the first degree * * * if: (a) the building is a dwelling and another person, not an accomplice, is present in it when the burglar enters or at any time while the burglar is in the building * * *.

*Id.* For a burglary conviction to stand, the state must prove a defendant intended to commit some independent crime other than trespass. *State v. Larson,* 358 N.W.2d 668, 670 (Minn.1984). *Larson* concludes that to allow an intent to commit a trespass to satisfy the requirement of intent to commit a crime would mean that

a mere trespasser who had no intent other than to enter or remain in a building without the consent of the owner could be convicted of burglary.

*Id.* The court rejected that idea. *Id.* For this reason, the state is required to "do more than establish an intent to commit the crime of trespass." *Id.*

■ Appellant argues that intent to violate an order for protection should be treated like trespass.[1] The elements of

---

1. Although not precedential, this court reject-

ed an identical argument in *State v. Roberson,*

burglary are (1) entry without consent and (2) intent to commit a crime. *See* Minn. Stat. § 609.582, subd. 1 (1998). Trespass cannot serve as the independent crime because it is not independent—trespass is completely encompassed in entry without consent. *Larson,* 358 N.W.2d at 670.

A violation of an order for protection, however, is not completely encompassed by the element of entry without consent. The state is required to prove the existence, and defendant's awareness, of the order for protection, in addition to a violation of the order. Minn.Stat. § 518B.01, subd. 14(b) (1998). Simply stated, every burglary involves a trespass, but, not every burglary involves a violation of an order for protection.

Because the state must do more than establish intent to commit a crime of trespass to convict a defendant of violating an order for protection, intent to violate an order for protection satisfies the independent crime requirement of first-degree burglary, a violation of Minn.Stat. § 609.582, subd. 1(a).

## II.

Appellant next argues that, even if intent to violate an order for protection satisfies an element of burglary, the state failed to prove intent in this case. We treat this argument as a challenge to the sufficiency of the evidence.

Evidence is sufficient to support a conviction if, given the facts in the record and any legitimate inference to be drawn from those facts, the fact-finder could reasonably find that the defendant committed the crime. *State v. Wilson,* 535 N.W.2d 597, 605 (Minn.1995). This court views evidence in the light most favorable to the verdict. *State v. Merrill,* 274 N.W.2d 99, 111 (Minn.1978). These standards of re-

view apply in criminal cases whether the case is tried to a jury or, as here, the court. *State v. Ibarra,* 355 N.W.2d 125, 130 (Minn.1984).

As discussed above, the elements of burglary in the first degree are (1) an entry into a building in which another person is present without the consent of the owner and (2) the intent to commit a crime. Minn.Stat. § 609.582, subd. 1(a). Appellant does not dispute that he entered M.C.'s home while another person was present without M.C.'s consent. Thus, the state needed to prove appellant intended to commit some independent crime, other than trespass, after the illegal entry into the building. *Larson,* 358 N.W.2d at 670. The underlying "crime" required for conviction of first-degree burglary includes misdemeanors. *State v. Olson,* 382 N.W.2d 279, 282 (Minn.App.1986). Violation of an order for protection, a misdemeanor, requires only that the defendant "know of" the order and then violate it. Minn.Stat. § 518B.01, subd. 14(b).

Intent to commit a predicate crime for burglary is usually proved by circumstantial evidence. *State v. Ring,* 554 N.W.2d 758, 760 (Minn.App.1996), *review denied* (Minn. Jan. 21, 1997). Although reviewed with more scrutiny, circumstantial evidence is entitled to the same weight as other evidence. *State v. Ashby,* 567 N.W.2d 21, 27 (Minn.1997). A fact-finder is in the best position to evaluate the circumstantial evidence surrounding the crime, and a verdict based on circumstantial evidence is entitled to "due deference." *State v. Race,* 383 N.W.2d 656, 662 (Minn. 1986).

In this case, the state presented evidence that appellant was served the order for protection on October 14, 1998.

In addition, the state's complaint reports that the state charged appellant with violating that order for protection for breaking into M.C.'s house once before, on October 26, 1998. Appellant stipulated to the state's evidence, including these facts. Even had appellant not been served with the order for protection, it is clear that in February 1999, the time of the instant offense, appellant was aware of the OFP by virtue of the 1998 charges. Moreover, when A.M.E. confronted appellant and asked him to leave during the February 1999 incident, he immediately did so, suggesting that he knew he was not supposed to be in M.C.'s home.

We conclude that the circumstantial evidence is sufficient to prove that appellant intended to violate the order for protection upon his entry to M.C.'s home and hold that a reasonable factfinder could find appellant guilty of first-degree burglary.

## DECISION

Intent to violate an order for protection, a violation of Minn.Stat. § 518B.01, subd. 14(d)(1) (1998), constitutes intent to commit a crime other than trespass, an element of first-degree burglary pursuant to Minn.Stat. 609.582, subd. 1(a) (1998). The circumstantial evidence is sufficient to prove that appellant intended to violate the order, and therefore supports his conviction for first-degree burglary.

**Affirmed.**