**Rickford Rehmann MUNGER,**
**petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

No. A06–1563.

Court of Appeals of Minnesota.

Aug. 28, 2007.

John M. Stuart, State Public Defender, Richard Schmitz, Assistant State Public Defender, Minneapolis, MN, for appellant.

Lori Swanson, Attorney General, St. Paul, MN; and Mark A. Ostrem, Olmsted County Attorney, David F. McLeod, Assistant County Attorney, Rochester, MN, for respondent.

Considered and decided by HUDSON, Presiding Judge; LANSING, Judge; and PARKER, Judge.

## OPINION

PARKER, Judge.*

Appellant challenges the district court's summary denial of his petition for postconviction relief, arguing that he should have been allowed to withdraw his guilty plea because it was not supported by an adequate factual basis and was therefore not accurately made. Because Minn.Stat. § 609.582, subd. 1(a) (2004), requires a showing that appellant intended to commit a crime while within the building, a fact that was not established during appellant's plea hearing, we conclude that it was an abuse of the district court's discretion to deny appellant's request to withdraw his guilty plea.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## FACTS

On the night of September 21, 2004, Rochester Police Officer Lou responded to a call that originated from an apartment complex at 1533 4th Avenue Southeast in Rochester. Upon arriving, Officer Lou spoke to A.M.S., the resident of a ground-level apartment, who stated that she had seen a man walk by her window several times that evening. A.M.S. also saw the man look into her windows as well as a neighbor's windows. A.M.S. told Officer Lou that after she had opened her bedroom window, she saw the man walk up to the bedroom window, reach inside the open window, and open the curtain with his hand.

Rochester Police Officer Thompson, who also responded to the call, saw appellant Rickford Rehmann Munger in the 1400 block of 6th Avenue Southeast. Appellant matched the description of the suspect, and Officer Thompson noticed that appellant was breathing heavily, appeared to have been running, and acted nervous. After Officer Thompson stopped appellant, A.M.S. was transported to Officer Thompson's location and positively identified appellant as the man she saw reach into her window.

Appellant was subsequently charged with first-degree burglary in violation of Minn.Stat. § 609.582, subd. 1(a) (2004). After initially pleading not guilty, appellant later agreed to plead guilty in exchange for the state's promise not to sentence him as a career offender and to recommend a guideline sentence of 60 months instead. During the plea hearing, the following testimony was given to establish a factual basis for appellant's guilty plea:

BY [APPELLANT'S ATTORNEY]:

Q. [Appellant], on September 21, 2004 at approximately 10:00 in the evening you were in the city of Roch-ester and Olmsted County, weren't you?

A. Yes.

Q. And now, you lived on 4th Avenue Southeast, didn't you?

A. Yes, I did.

Q. And at approximately 10:00 or sometime there before you walked down the street to some apartment building at 1533 and 1535 4th Avenue Southeast, didn't you?

A. Yes.

Q. And you looked into a window on the first floor of the apartment building at 1533 4th Avenue Southeast, didn't you?

A. Yes.

Q. And in the process of looking into it you realized the window was opened and you reached in and moved the curtain, is that right?

A. Yes.

Q. And you did that for the purpose of being able to look in and invade the privacy of the resident of the apartment, isn't that true?

A. Yes.

. . . .

BY [STATE'S ATTORNEY]:

Q. And you agree that the—your entry, the sticking in of your hand and moving the curtain was for the purpose of committing a crime, is that correct?

A. Yes.

On May 18, 2005, the district court sentenced appellant to 60 months in prison.

On May 26, 2006, appellant brought a petition for postconviction relief, arguing that he should be allowed to withdraw his guilty plea because it was "not supported by an adequate factual basis." Specifically, appellant argued that he could not be

guilty of first-degree burglary "because the [b]urglary statute requires the intent to commit a crime within the residence and [appellant] only admitted facts that he intended to commit the crime of [i]nterference with [p]rivacy by window peeping outside the residence." The district court, however, summarily denied appellant's petition for postconviction relief, concluding that "[w]hile most burglary cases undoubtedly involve commission or an intent to commit a crime *within the building,* the statute makes no such geographic requirement."

This appeal follows.

## ISSUE

Does Minn.Stat. § 609.582, subd. 1(a) (2004), require as an element of the offense of first-degree burglary a showing that appellant intended to commit a crime within the building?

## ANALYSIS

■ Appellant contends that it was an abuse of discretion for the district court to deny his request to withdraw his guilty plea, arguing that there was not an adequate factual basis for his plea of guilty to the charge of first-degree burglary because he did not admit to intending to commit a crime within the building.[1]

Under Minn.Stat. § 590.04, subd. 3 (2004), a petitioner seeking postconviction relief has the burden of establishing by "a fair preponderance of the evidence" the facts alleged in the petition. We review "a postconviction proceeding only to determine whether there is sufficient evidence to sustain the postconviction court's findings, and a postconviction court's decision will not be disturbed absent an abuse of discretion." *Hodgson v. State,* 540 N.W.2d 515, 517 (Minn.1995) (quotation omitted).

■ "For a guilty plea to be valid, it must be accurate, voluntary, and intelligent (i.e., knowingly and understandingly made)." *Sykes v. State,* 578 N.W.2d 807, 812 (Minn.App.1998) (quotation omitted), *review denied* (Minn. July 16, 1998). "Once a guilty plea has been entered, there is no absolute right to withdraw" that plea. *Shorter v. State,* 511 N.W.2d 743, 746 (Minn.1994). But Minn. R.Crim. P. 15.05, subd. 1, allows a defendant to withdraw a guilty plea upon a timely motion and showing of manifest injustice. The burden is on the defendant to demonstrate that the refusal to allow him to withdraw his plea is manifestly unjust. *State v. Christopherson,* 644 N.W.2d 507, 510 (Minn.App.2002), *review denied* (Minn. July 16, 2002). It is manifestly unjust to refuse to allow the defendant to withdraw a plea if that plea is not accurate, voluntary, or intelligent. *Id.; see also Alanis v. State,* 583 N.W.2d 573, 577 (Minn.1998). A reviewing court will reverse the district court's determination of whether to permit withdrawal of a guilty plea only if the determination was an abuse of the district

---

1. As a preliminary matter, the state argues that "by entering a plea of guilty, rather than proceeding to either a trial or complying with the procedure set forth in *State v. Lothenbach,* 296 N.W.2d 854 (Minn.1980), [appellant] waived any and all nonjurisdictional defects including challenging either the district court's ruling regarding probable cause or the sufficiency of the evidence." Indeed, the Minnesota Supreme Court has recognized that the *Lothenbach* procedure may be used to preserve pretrial decisions for appellate review. *State v. Busse,* 644 N.W.2d 79, 88–89 (Minn.2002). But appellant does not directly challenge the district court's pretrial probable cause ruling or the sufficiency of the evidence. Instead, appellant challenges the district court's denial of his postconviction petition to withdraw his guilty plea, arguing that it lacked an adequate factual basis. We therefore conclude that appellant did not waive his right to challenge the factual basis for his guilty plea.

court's discretion. *Barragan v. State,* 583 N.W.2d 571, 572 (Minn.1998).

Appellant argues that his guilty plea was not accurate. For a guilty plea to be accurate, "[a] proper factual basis must be established." *State v. Ecker,* 524 N.W.2d 712, 716 (Minn.1994). To establish a factual basis, the court, with the assistance of counsel, elicits facts from the defendant that satisfy the elements of the offense to which the defendant is pleading guilty. Minn. R.Crim. P. 15.02(7). Typically, a factual basis is established by "ask[ing] the defendant to express in his own words what happened." *State v. Trott,* 338 N.W.2d 248, 251 (Minn.1983). It is not necessary for a district court judge to interrogate the defendant personally prior to accepting the defendant's guilty plea if defense counsel and the prosecutor have established an adequate factual basis. *Ecker,* 524 N.W.2d at 716 (citing *State v. Nelson,* 311 Minn. 109, 110, 250 N.W.2d 816, 817 (1976)). Other ways to establish a factual basis include testimony of witnesses or a summary of evidence. *Trott,* 338 N.W.2d at 251. The accuracy requirement is "to ensure that the defendant is guilty of a crime at least as serious as that to which he is entering his plea." *Beaman v. State,* 301 Minn. 180, 183, 221 N.W.2d 698, 700 (1974); *see also Lundin v. State,* 430 N.W.2d 675, 679 (Minn.App. 1988) (noting that we do not reverse if "the record supports the conclusion that the defendant committed an offense at least as serious as the crime to which he is pleading guilty"), *review denied* (Minn. Dec. 21, 1988). On review, we determine whether the district court could have concluded fairly that the defendant's plea was accurate. *State v. Warren,* 419 N.W.2d 795, 798 (Minn.1988).

Appellant was charged with first-degree burglary in violation of Minn.Stat.

§ 609.582, subd. 1(a) (2004), which provides:

> Whoever enters a building without consent and with intent to commit a crime, or enters a building without consent and commits a crime while in the building, either directly or as an accomplice, commits burglary in the first degree and may be sentenced to imprisonment for not more than 20 years or to payment of a fine of not more than $35,000, or both, if:
>
> (a) the building is a dwelling and another person, not an accomplice, is present in it when the burglar enters or at any time while the burglar is in the building.

Thus, in order to prove a violation of section 609.582, subdivision 1(a), the state must show that: (1) appellant entered a building without consent and with the intent to commit a crime and (2) the building is a dwelling and another person, who was not an accomplice, was present when appellant entered. *See* 10A *Minnesota Practice,* CRIMJIG 17.01 (2006).

At the plea hearing, appellant admitted that he reached his hand into an open window and moved the curtain with his hand for the purpose of committing a crime (i.e., interference with privacy). But appellant now argues that the factual basis for his guilty plea was inadequate because he did not admit to entering the building with the intent to commit a crime *within the building.* The state contends that section 609.582, subdivision 1(a), does not require the state to show that appellant intended to commit a crime within the building, and thus appellant's intent to commit interference with privacy satisfies the independent crime aspect of the burglary statute.

The district court agreed with the state, consequently denying appellant's postconviction petition and concluding that "[t]he

statutory language does not support" appellant's argument that the intended crime under the statute "must be one that would be committed 'within the dwelling.'" Specifically, the district court concluded that "[w]hile most burglary cases undoubtedly involve commission or an intent to commit a crime *within the building,* the statute makes no such geographic requirement" and there is "no policy reason to distinguish between unconsented-to entries that facilitate crimes outside versus inside a residence."

■■■■■■■ "Construction of a criminal statute is a question of law subject to de novo review." *State v. Colvin,* 645 N.W.2d 449, 452 (Minn.2002). "A statute must be construed according to its plain language." *Id.; see also* Minn.Stat. § 645.16 (2006) (stating that "[w]hen the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit"). But when a statute is ambiguous, the intent of the legislature controls. Minn.Stat. § 645.16. "A rule of strict construction applies to penal statutes, and all reasonable doubt concerning legislative intent should be resolved in favor of the defendant." *Colvin,* 645 N.W.2d at 452. In addition, "[i]f construction of a statute is uncertain, a statute may not be interpreted to create criminal offenses that the legislature did not contemplate." *Id.* "The rule of strict construction of criminal statutes is essential to guard against the creation of criminal offenses outside the contemplation of the legislature, under the guise of judicial construction." *State v. Soto,* 378 N.W.2d 625, 628 (Minn.1985).

In support of his position, appellant relies on the Minnesota Supreme Court's decisions in *State v. Larson,* 358 N.W.2d 668 (Minn.1984), and *Colvin.* But these cases have little relevance here.

In *Larson,* the supreme court held that "the state has to do more than establish an intent to commit the crime of trespass in order to obtain a burglary conviction or a conviction of possessing burglary tools." 358 N.W.2d at 670. Rather, "[t]he intent must be to commit some independent crime after entering the building illegally." *Id.* The supreme court reasoned that "[t]o allow an intent to commit a trespass to satisfy the requirement of intent to commit a crime would mean that a mere trespasser who had no intent other than to enter or remain in a building without the consent of the owner could be convicted of burglary." *Id.*

Similarly, in *Colvin,* the supreme court held that a defendant's violation of a no-entry provision of an order for protection was insufficient to establish the independent crime element of burglary. 645 N.W.2d at 453–54. Specifically, the supreme court reasoned that the "violation of a no-entry provision of an OFP, like trespass, is excluded from the crimes that can be the bases for the independent crime element of burglary," as "[b]oth offenses are designed to protect the interests that are invaded by the unauthorized entry that the burglar makes" and are both "complete upon entry." *Id.* at 454. Therefore, both offenses "satisfy the illegal entry element of burglary" but cannot also satisfy the "independent-crime requirement." *Id.*

The district court determined that *Larson* and *Colvin* were not entirely relevant because they did "not address *where* the 'independent crime' required for burglary occurs," and instead, "deal[t] with *whether* there has been an independent crime at all." We agree. The real issue here is whether section 609.582, subdivision 1(a), requires, as an element of the offense of first-degree burglary, a showing that appellant intended to commit a crime *within*

*the building.*[2] Appellant argues that it does, while the state disagrees. Nevertheless, we construe section 609.582 as imposing a requirement that, to be convicted of first-degree burglary under the first part of the statute, a person must be shown to have intended to commit a crime within the building.

Our interpretation of the statute is initially supported by a reasonable reading of its plain language. For instance, the initial language of the statute, "[w]hoever enters a building," suggests that the crime intended must occur within the building. In addition, our interpretation of the first phrase of the statute is consistent with the second phrase of the statute and therefore avoids conflicting interpretations. The first phrase of section 609 .582 states "[w]hoever enters a building without consent and with intent to commit a crime . . . commits burglary in the first degree," while the second phrase states "[whoever] enters a building without consent and commits a crime while in the building . . . commits first-degree burglary." But it would be inconsistent to conclude that a person who has *committed* a crime is guilty of first-degree burglary only if they committed the crime while within the building yet a person who *intends* to commit a crime can be found guilty of first-degree burglary even if they did not intend to commit the crime within the building.

Furthermore, our interpretation of the statute is supported by the common-law definition of burglary, which generally provided that a person charged with burglary must have intended to commit a crime

within the dwelling place of another. *See Black's Law Dictionary* 191 (7th ed.1999) (defining "burglary" as "[t]he common-law offense of breaking and entering another's dwelling at night with the intent to commit a felony"). LaFave confirms that at common law "[t]he intent must be to commit a felony within the dwelling house." 3 Wayne R. LaFave, *Substantive Criminal Law* § 21.1(e), at 219 (2d ed.2003); *see also* 9A Henry W. McCarr & Jack S. Nordby, *Minnesota Practice* § 52.11, at 182 (2001) (stating that "[f]irst degree burglary, a felony, is the non-consensual entry of a building by one who intends to commit *or* actually commits a crime *in the building*" (emphasis added)).

Because we conclude that section 609.582 is most properly interpreted to require that a person must enter a building with the intent to commit a crime while in the building in order to be convicted of first-degree burglary, and because appellant did not indicate at the plea hearing that he entered the building (i.e., stuck his hand through the window) with the intent to commit a crime while in the building, but instead admitted only that he entered the building to facilitate the commission of a crime outside the building (i.e., interference with privacy), we conclude that the factual basis did not adequately support appellant's guilty plea. Accordingly, it was an abuse of discretion for the district court to deny appellant's postconviction petition to withdraw his guilty plea, when the plea was not accurate and the district court's refusal therefore manifestly unjust.[3]

---

**2.** There is no question that, under Minnesota case law, appellant's act of reaching his hand into the open window constitutes an "entry" for purposes of section 609.582. *See, e.g., State v. Nelson,* 363 N.W.2d 81, 83 (Minn.App. 1985) (stating "[e]ntry is almost universally defined as the intrusion of any part of the offender's body into the premises," and there-

fore denying claim that evidence was insufficient to show "entry" where record indicated that defendant stepped through window with one leg and placed foot on top of a desk).

**3.** Because we reverse on the accuracy of appellant's guilty plea, we do not address appel-

## DECISION

Because we conclude that in order to be convicted of first-degree burglary under Minn.Stat. § 609.582, subd. 1(a) (2004), a person must enter a building with the intent to commit a crime within the building, and because appellant did not admit to entering a building with the intent to commit a crime other than interference with privacy, a crime that occurred outside the building, it was an abuse of discretion for the district court to deny appellant's petition to withdraw his guilty plea.

**Reversed and remanded.**

lant's pro se argument that his guilty plea was also involuntarily and unintelligently made.