*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0950**

State of Minnesota,
Respondent,

vs.

Phillip Charles Jones,
Appellant.

**Filed June 17, 2024**
**Affirmed in part, reversed in part, and remanded**
**Reyes, Judge**

Ramsey County District Court
File No. 62-CR-20-113

Keith Ellison, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Peter R. Marker, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Rachel F. Bond, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Ross, Presiding Judge; Johnson, Judge; and Reyes, Judge.

**NONPRECEDENTIAL OPINION**

**REYES**, Judge

Appellant challenges his two first-degree burglary convictions, arguing that (1) the state failed to present sufficient evidence to sustain his convictions and (2) the district court

erred by entering convictions on two counts of burglary that arose from the same behavioral incident. We affirm in part, reverse in part, and remand.

## FACTS

In the early morning hours of January 4, 2020, a fire was set to the front door of a St. Paul duplex unit inhabited by S.D. and her child, R.D. As the pair attempted to evacuate, they encountered appellant Phillip Charles Jones, who had entered the unit through the back door. Neither S.D. nor R.D. knew appellant. Appellant told them that there was a fire and that "everybody should get out." S.D. and R.D. left the unit to wait for emergency services.

A short while later, S.D. witnessed appellant exit the unit with her purse, her broom, and a toolbox that she had left in the kitchen. R.D. observed appellant "rummaging through the tools" and went to notify a firefighter that there was an unknown individual in her backyard. Meanwhile, S.D. approached appellant and asked him to return her purse. Appellant handed her the purse and placed the toolbox and broom on the ground. When firefighters spoke with appellant, he was holding a mallet-shaped item and acting aggressively. The firefighters requested police assistance.

Responding officers encountered appellant a short distance from the duplex. At that time, appellant possessed a mallet-shaped meat tenderizer, a makeshift saw, a "blackjack,"[1] a multi-tool with a knife, and a shovel. Appellant told officers that he lived on West

---

[1] A "blackjack" is a pool ball wrapped in a long cloth. Blackjacks can be used as a weapon or to break windows.

Seventh Street in St. Paul and had been out walking when he noticed the fire and went inside to assist. Officers seized appellant's items and placed him under arrest.

Respondent State of Minnesota charged appellant with first-degree arson under Minn. Stat. § 609.561, subd. 1 (2018) (count I), and two counts of first-degree burglary under Minn. Stat. § 609.582, subd. 1(a), (b) (2018) (counts II and III, respectively).

At trial, the state presented the theory that appellant intentionally set fire to the front door as a distraction so that he could steal the items inside. To prove that appellant intended to commit the burglary, the state presented evidence including testimony from S.D., R.D., two of appellant's arresting officers, and a fire investigator; the items seized from appellant; and appellant's three retail-theft convictions. The state also attempted to undermine appellant's story that he noticed the fire while he was out walking by presenting evidence that it would have taken a couple of hours to walk from where appellant lived to S.D.'s duplex.

The jury acquitted appellant of count I but found him guilty of counts II and III. The district court sentenced appellant on count III to 140-months' imprisonment with credit for 468 days served. Although the district court only pronounced a sentence on count III, it entered convictions on both counts II and III.

This appeal follows.

3

**DECISION**

**I.     The state presented sufficient evidence to sustain appellant's convictions.**

Appellant asserts that his first-degree burglary convictions must be reversed because the state failed to present sufficient evidence to prove that he intended to commit a theft inside S.D.'s unit.  We are not persuaded.

When considering insufficient-evidence claims, appellate courts examine the record to determine whether the evidence, when viewed in the light most favorable to the conviction, could reasonably support the verdict.  *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004).  Evidence is sufficient to support a guilty verdict if a factfinder could reasonably conclude that the defendant committed the charged offense.  *State v. Pratt*, 813 N.W.2d 868, 874 (Minn. 2012).

To convict appellant of first-degree burglary, the state had to prove that appellant entered S.D.'s unit "with intent to commit a crime."  Minn. Stat. § 609.582, subd. 1 (2018).  Here, the state's theory was that appellant intended to commit a theft when he entered S.D.'s unit.  An individual is guilty of theft if they intentionally take another's property without consent and with the intent to deprive the owner of that property permanently.  Minn. Stat. § 609.52, subd. 2(1) (2018 & Supp. 2019).

Intent to commit theft is generally proved by circumstantial evidence.  *State v. Slaughter*, 691 N.W.2d 70, 77 (Minn. 2005).  Appellate courts review convictions based on circumstantial evidence in two steps.  *State v. Silvernail*, 831 N.W.2d 594, 598 (Minn. 2013).  First, the appellate court identifies the circumstances proved, deferring to the jury's acceptance of the state's proof of these circumstances and rejecting any contrary evidence.

4

*Id.* at 598-99 (quotation omitted). Second, the appellate court independently examines "the reasonableness of all inferences that might be drawn from the circumstances proved." *Id.* at 599 (quotation omitted). To sustain the conviction, the circumstances proved must be consistent with the hypothesis of appellant's guilt and inconsistent with any other "rational hypothesis." *Id.* (Quotation omitted). To constitute a rational alternative hypothesis, appellant must rely on more than "mere conjecture or the possibility of [his] innocence." *State v. Tscheu*, 758 N.W.2d 849, 861 (Minn. 2008). Instead, he must present a hypothesis that is consistent with all of the circumstances proved. *Silvernail*, 831 N.W.2d at 599.

Appellant appears to concede that the circumstances proved support the hypothesis of his guilt. However, he argues that, because he did not conceal the items taken from S.D.'s unit and returned the items when she asked for them, the circumstances proved are also consistent with the hypothesis that he did not intend to commit a theft when he entered her unit. We are not convinced.

Appellant's alternative theory is not rational considering the circumstances proved that the offenses occurred early in the morning; S.D. and R.D. did not know him; R.D. witnessed him rummaging through the toolbox; he was aggressive and verbally combative with responding firefighters; he had three retail-theft convictions within two years of the charged offense; and at the time of his arrest, he possessed numerous items that could be used as burglary tools, including a meat tenderizer, a makeshift saw, a knife, and a blackjack. *See State v. Emerson*, 169 N.W.2d 63, 64 (Minn. 1969) (concluding evidence that defendant "was a stranger in the community" who was arrested around midnight on winter evening supported his conviction of possession of burglary tools); *State v. Adamson*,

365 N.W.2d 282, 283 (Minn. App. 1985) (noting that, because victim and defendant did not know each other and defendant exhibited behavior consistent with common burglary schemes, evidence supported defendant's attempted-theft conviction); *State v. Ross*, 732 N.W.2d 274, 282 (Minn. 2007) (stating that evidence connecting defendant to prior theft offenses made his involvement in other theft offenses "more probable by shedding light not only on his intent and participation, but also on his knowledge, opportunity, and preparation."); *State v. Conaway*, 319 N.W.2d 35, 41 (Minn. 1982) ("Intent to use burglary tools may be drawn from the character of the objects and from the circumstances surrounding their possession.").

Appellant also argues that his alternative hypothesis is supported by his assertion that he did not have any of S.D.'s items on his person at the time of the arrest. The state did not have to prove that appellant had any of S.D.'s items at the time of his arrest to prove that he intended to commit a theft when he entered her duplex unit. *See State v. Witte*, 158 N.W.2d 266, 268 (Minn. 1968) ("With direct proof of an unauthorized entry, the fact that nothing was taken . . . does not destroy the reasonableness of an inference that at the time of entry an intent to commit theft in fact existed."). Appellant's argument therefore fails.

Because the circumstances proved support only the rational hypothesis that appellant intended to commit a theft when he entered S.D.'s unit, the state presented sufficient evidence to sustain appellant's first-degree burglary convictions. *Silvernail*, 831 N.W.2d at 598-99.

6

**II. Appellant's conviction of count II must be vacated.**

The parties agree that the district court erred by entering convictions on both counts of first-degree burglary. Because counts II and III arise out of the same criminal statute and emanate from a single behavioral incident, we agree with the parties' assessment.

District courts "may at any time correct a sentence not authorized by law." Minn. R. Crim. P. 27.03, subd. 9. Minnesota courts have interpreted Minn. Stat. § 609.04 (2018) to "bar multiple convictions under different sections of a criminal statute for acts committed during a single behavioral incident." *State v. Bonkowske*, 957 N.W.2d 437, 443 (Minn. App. 2021) (quoting *State v. Jackson*, 363 N.W.2d 758, 760 (Minn. 1985)). Although Minn. Stat. § 609.585 (2018) states that a burglary conviction "is not a bar to conviction of or punishment for any other crime committed," Minnesota courts have interpreted the phrase "any other crime" to mean "a crime different from burglary." *State v. Mitchell*, 881 N.W.2d 558, 564 (Minn. App. 2016), *rev. denied* (Minn. Aug. 23, 2016).

Here, because the jury found appellant guilty of multiple offenses under the same criminal statute, and because counts II and III stem from the same behavioral incident, the district court should have adjudicated and imposed sentence on one count only. *State v. LaTourelle*, 343 N.W.2d 277, 284 (Minn. 1984). We therefore remand with instructions to vacate appellant's conviction of count II, leaving the finding of guilt intact. *See id.*

**Affirmed in part, reversed in part, and remanded.**