INVESTORS SAVINGS BANK, F.S.B., Appellant,

v.

John J. MILLER, et al., Respondents.

No. C6-88-2479.

Court of Appeals of Minnesota.

May 23, 1989.

Christopher L. Farwell, Mark P. Kovalchuk, Moss & Barnett, P.A., Minneapolis, for appellant.

James Yon Prichard, Daniel B. Ventres, Jr., Gray, Plant, Mooty, Mooty & Bennett, P.A., Minneapolis, for respondents.

Considered and decided by FOLEY, P.J., and SCHUMACHER and IRVINE,* JJ., without oral argument.

## OPINION

SCHUMACHER, Judge.

Appellant Investors Savings Bank (Investors) foreclosed the mortgage it held against property owned by respondents, John Miller and Rita Miller, sold the property and received a deficiency judgment. Investors garnished Millers' bank accounts. The Millers claimed the funds in the accounts were exempt and Investors interposed an objection to the Millers' claimed

* Acting as judge of the Court of Appeals by ap-
pointment pursuant to Minn. Const. art. VI, § 2.

exemptions. The garnishee banks disbursed the garnished funds to Investors. Thereafter, the Millers filed a notice of motion and motion requesting a hearing on the validity of their claimed exemptions. The trial court held that some of the garnished funds were exempt and ordered Investors to return those funds. We affirm.

## FACTS

Appellant judgment creditor, Investors Savings Bank (Investors) held a mortgage on property owned by respondent judgment debtors, John Miller and Rita Miller, husband and wife. The Millers defaulted on their mortgage and Investors foreclosed the mortgage. Investors purchased the property at auction on June 3, 1988 and received a deficiency judgment.

In mid-July, 1988, Investors served a garnishment summons and exemption notices on two banks at which the Millers held accounts, namely, Norwest Bank Minnesota, N.A. (Norwest Bank) and First National Bank of Elk River (Elk River Bank). On July 26, 1988, Investors received the Millers' exemption notices claiming that a portion of the funds held by each bank was exempt as originating from John Miller's wages or social security disability payments. On July 27, 1988, Investors served its objections to the Millers' exemptions by mail. Pursuant to writs of execution, the garnishee banks released all the funds in the Miller accounts to Investors on August 10, 1988.

The Millers filed a request for hearing on their exemption claim in Hennepin County District Court on August 24, 1988, more than ten days after receiving Investors' objections. A hearing on the validity of the Millers' claimed exemptions was held on September 12, 1988. The trial court found that $1,870.45 of the funds in the Norwest account were traceable to the February, May, June and July 1988 social security payments and John's wages. The trial court also found that the March and April 1988 social security benefits were deposited into two of the accounts at Elk River Bank and that those funds were exempt. The trial court ordered Investors to return the

exempt funds to the Millers. Investors appeals the trial court's order filed November 4, 1988.

## ISSUES

1. Are the Millers entitled to a hearing on the validity of their exemption claims pursuant to Minn.Stat. § 571.41, subd. 5b and subd. 7, when they did not provide a notice of motion within ten days after receiving Investor's objections to the exemption claim?

2. Does the prior distribution of garnished funds to Investors preclude a finding that the funds were exempt from garnishment?

3. Did the Millers sufficiently trace exempt funds to their bank accounts?

## ANALYSIS

■ 1. Investors maintains that the Millers waived their right to a hearing on the validity of their exemptions by failing to provide Elk River Bank and Norwest notice of a motion and motion within 10 days after appellant had interposed its objections. The bank's argument relies on Minn.Stat. § 571.41, subd. 5b and subd. 7 (1988).

After a judgment creditor serves a garnishment summons on the garnishee financial institution, all property in the hands of the garnishee is attached. Minn.Stat. § 571.42, subd. 1 (1988). Minn.Stat. § 571.41, subd. 5b provides that the judgment debtor may claim the attached property is exempt from garnishment by returning the exemption notices to the financial institution within 14 days after the notices were mailed to the debtor. In the present case, the Millers made a timely claim that portions of their accounts were exempt.

Minn.Stat. § 571.41, subd. 5b states that:
Subd. 5b. Duty of financial institution; exemption; objection. * * * All money claimed to be exempt shall be released to the judgment debtor upon the expiration of seven days * * *, unless within that time the judgment creditor interposes an objection to the exemption. * * * Upon

receipt of a written objection from the judgment creditor within the specified seven-day period, the financial institution shall retain the funds claimed to be exempt. Unless the financial institution receives a notice of motion and motion from the judgment debtor asserting exemption rights within ten days after receipt of the written objection to the exemption, the funds shall remain subject to the garnishment summons as if no claim of exemption has been made. * * * If a notice of motion and motion to determine the validity of a claim of exemption is received by the financial institution within the period provided, the financial institution shall retain the funds claimed to be exempt until otherwise ordered by the court * * *.

The warning to the debtor that the financial institution will disburse the garnished funds unless a notice of motion is filed within ten days is repeated in Minn.Stat. § 571.41, subd. 7 (1988):

IF THE CREDITOR OBJECTS TO YOUR EXEMPTION CLAIM:

(1) The institution will hold the money until a court decides if your exemption claim is valid, BUT ONLY IF the institution gets a copy of your court motion papers asserting the exemption WITHIN 10 DAYS after the objection is mailed or given to you. You may wish to consult an attorney at once if the creditor objects to your exemption claim.

However, the subsequent paragraph in section 571.41, subd. 7 indicates that the debtor is still free to have a hearing on the exemption issue even after the funds have been released to the creditor.

MOTION TO DETERMINE EXEMPTION:

At any time after your funds have been frozen, you may ask for a court decision on the validity of your exemption claim by filing a request for hearing which may be obtained at the office of the court administrator of the above court.

A statute should be construed as a whole to harmonize the various parts of the statute. *Owens v. Federated Mutual Implement and Hardware Insurance Co.*, 328 N.W.2d 162, 164 (Minn.1983). Minn.Stat. § 571.41, subd. 5b and subd. 7 merely instruct the financial institution how long it must hold the garnished funds before releasing them to the creditor.

Such a construction is supported by other language contained in subdivision 5b. "Failure of the judgment debtor to serve the executed exemption notice does not constitute a waiver of any right to an exemption." Minn.Stat. § 571.41, subd. 5b. It is not reasonable that the debtor would forfeit the right to a hearing by missing the ten-day notice of motion requirement when the debtor would not have lost its right to an exemption by failing the fourteen-day requirement.

■ 2. Investors argues that the Millers' exemption claim was forfeited upon the garnishee bank's distribution of the Millers' funds to Investors. Investors contends that once the funds were released to them, no funds existed that could be claimed exempt.

This court may look to other laws concerning similar subjects to ascertain the Legislature's intent when interpreting a statute. Minn.Stat. § 645.16(5) (1988). Minn.Stat. § 550.37 (1988) describes property that is exempt from garnishment and it supports a holding that garnished funds may be determined to be exempt after they are distributed. Minn.Stat. § 550.37, subd. 20 (1988) dealing with traceable funds, provides as follows:

No bank or other financial institution shall be liable for damages for complying with the process duly issued out of any court for the collection of a debt even if the funds affected by the process are subsequently determined to have been exempt.

Section 550.37, subd. 20 contemplates the situation found in the present case in which a financial institution has distributed garnished funds that are later determined to be exempt. The statute does not require that garnished funds lose their exempt status after being disbursed to the creditor.

■ 3. Investors finally claims that the trial court erred in finding that the Millers

sufficiently demonstrated that some of the garnished funds were exempt. Findings of fact, even if based on documentary evidence as in the present case, may not be set aside unless clearly erroneous. Minn. R.Civ. P. 52.01.

The trial court found that $743 in each of two Elk River Bank accounts were exempt. This finding is supported by statements from the Social Security Administration which demonstrated that the Millers received $743 monthly benefits. John Miller provided an affidavit to which he attached summaries of deposit histories of the garnished accounts. In his affidavit, Miller states that he deposited the March and April 1988 social security checks into the two accounts at Elk River. The trial court also found that $1,870.45 in the Norwest account were exempt. John Miller's affidavit identifies those deposits that originated from his wages or social security benefits. We do not find the trial court's finding was clearly erroneous.

### DECISION

We affirm the trial court's holding that the Millers were entitled to an exemption hearing pursuant to Minn.Stat. § 571.41, subd. 5b. We do not find the trial court's findings on the amount of exempt funds to be clearly erroneous.

Affirmed.