**PIGS R US, LLC, Respondent,**

v.

**COMPTON TOWNSHIP,**
**et al., Appellants.**

No. A08–1580.

Court of Appeals of Minnesota.

Aug. 11, 2009.

David R. Crosby, Leonard, Street & Deinard, Minneapolis, MN, for respondent.

Gordon H. Hansmeier, Gregory J. Haupert, Rajkoswki Hasnmeier, St. Cloud, MN, for appellants.

Considered and decided by Chief Judge TOUSSAINT, Presiding Judge; KALITOWSKI, Judge; and COLLINS, Judge.

## OPINION

COLLINS, Judge.*

Appellants challenge the district court's denial of summary judgment, arguing that the district court erred by ruling that (1) the Municipal Tort Claims Act (MTCA) does not apply to mandamus actions; (2) vicarious official immunity does not shield appellants from liability; and (3) damages

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

are awarded as a matter of right to the prevailing party in a mandamus action. We affirm.

## FACTS

On May 17, 2007, Deon Roth, president and member of respondent Pigs R Us, LLC, applied for and received a building permit for a swine facility from appellant Compton Township (township). After receiving a letter urging the township to revoke the May 17 permit because the facility was "subject to mandatory environmental review," appellant Compton Township Board [1] (board) held several public hearings to review the issuance of the permit. On September 10, without awaiting the board's decision as to whether it would revoke the May 17 permit, Roth submitted a new building-permit application for the same swine facility. It is undisputed that the proposed swine facility complied with all requisite zoning ordinances. Contrary to standard operating procedure, the board made no immediate decision on the September 10 application. The following day, the board revoked respondent's May 17 building permit, accepted the building commissioner's resignation, refused to consider respondent's September 10 application, and adopted the Interim Zoning Ordinance, which converted all non-residential uses, such as the one at issue here, from permitted uses to special uses. The board then denied respondent's September 10 application because the Interim Zoning Ordinance required a special-use permit.

Respondent sought a writ of mandamus compelling appellants to issue a building permit for the proposed swine facility. The district court, after receiving a formal answer from appellants and hearing oral argument, held, among other things, that (1) the board acted arbitrarily in enacting the Interim Zoning Ordinance; (2) respondent was entitled to a building permit based on its September 10 application; and (3) mandamus is an appropriate remedy. The district court, pursuant to Minn. Stat. § 586.09 (2008), also awarded respondent "any damage sustained, together with costs and disbursements." Respondent sought $1,735,026.95 in damages.

Appellants did not challenge the issuance of the writ of mandamus or the district court's finding that the Interim Zoning Ordinance was enacted arbitrarily, but, citing the MTCA, moved for summary judgment of dismissal of respondent's claim on grounds of statutory immunity and official immunity. The district court denied the motion, finding that (1) the MTCA does not apply to mandamus actions; (2) even assuming the MTCA does apply in mandamus actions, it does not apply here because "the mandamus damages provision is an 'applicable statute' for each exception" listed in the MTCA; and (3) vicarious official immunity does not apply because "the government conduct at issue constituted planning-level decision-making and a ministerial act." This appeal followed.

## ISSUES

I. Does the Municipal Tort Claims Act apply to mandamus actions?

II. Are appellants entitled to vicarious official immunity for the damages awarded in the mandamus proceeding?

III. Does Minn.Stat. § 586.09 entitle the prevailing party to damages as a matter of right?

## ANALYSIS

■ Although a district court's order denying summary judgment generally is

---

1. For simplicity, appellant Compton Township and appellant Compton Township Board will be collectively referred to throughout this opinion as appellants.

not appealable, an order denying a claim of immunity is immediately appealable under the collateral-order doctrine. *Kastner v. Star Trails Ass'n,* 646 N.W.2d 235, 238, 239–40 (Minn.2002). The application of immunity is a question of law, which the court reviews de novo. *Gleason v. Metro. Council Transit Operations,* 582 N.W.2d 216, 219 (Minn.1998). The party asserting immunity has the burden of showing that it is entitled to the immunity. *Rehn v. Fischley,* 557 N.W.2d 328, 333 (Minn.1997).

## I.

In denying appellants' statutory-immunity claim, the district court held that the MTCA applies to tort actions, not mandamus actions. Although appellants cannot point us to any nontort case in which Minnesota courts have applied the MTCA, appellants contend that the district court erred by holding that the MTCA does not apply here, arguing that (1) a review of the exceptions found in Minn.Stat. § 466.03 (2008) "reveals that [the MTCA] is intended to apply to more than tort claims" and (2) respondent's claim can be considered a tort.

■ Whether the MTCA applies to mandamus actions is an issue of first impression. If the statute's language is unambiguous, we must apply its plain meaning. Minn.Stat. § 645.16 (2008); *Molloy v. Meier,* 679 N.W.2d 711, 723 (Minn.2004). We also can apply other canons of construction to discern the legislature's intent. *See Gomon v. Northland Family Physicians, Ltd.,* 645 N.W.2d 413, 416 (Minn. 2002) (applying other cannons). Under the basic canons of construction, no word or phrase should be deemed superfluous, void, or insignificant. *Owens v. Federated Mut. Implement & Hardware Ins. Co.,* 328 N.W.2d 162, 164 (Minn.1983). To determine the meaning of a particular provision, each clause must be read in context with other clauses of the same statute. *ILHC of Eagan, LLC v. County of Dakota,* 693 N.W.2d 412, 419 (Minn.2005).

■ The object of all statutory interpretation is to determine and effectuate the intention of the legislature. Minn.Stat. § 645.16. The legislature's intent may be ascertained by considering, among other things, the need for the law, the circumstances under which it was enacted, the consequences of an interpretation, contemporaneous legislative history, and the object to be attained. *Id.* Legislative intent may also be ascertained by considering other statutes concerning the same subject matter. *Id.*

■ Limited by several enumerated exceptions, "every municipality is subject to liability for its *torts* and those of its officers, employees and agents acting within the scope of their employment or duties whether arising out of a governmental or proprietary function." Minn.Stat. § 466.02 (2008) (emphasis added). Thus, section 446.02 specifically states that, absent a statutory exception found in subsequent sections of the statute, municipalities are liable for their *torts.* Although the statute does not define "tort," a tort is "[a] civil wrong ... for which a remedy may be obtained, usu[ally] in the form of damages; a breach of a duty that the law imposes on persons who stand in a particular relation to one another." *Black's Law Dictionary* 1526 (8th ed. 2004). "Mandamus" is defined as "ordering a lower court or government official to perform a specified act." Bryan Garner, *A Dictionary of Modern Legal Usage* 546 (2d ed. 1995); *see* Minn. Stat. § 586.01 (2008) (addressing when mandamus may issue). As a general proposition, the ultimate goal of a tort action is to secure money damages, and although the Minnesota Legislature has altered the common-law mandamus action to permit an award of money for damages, Minn.

Stat. § 586.09, an action for mandamus seeks to compel a governmental official or body to perform a legal duty. Hence, two things are clear: (1) the plain language of the MTCA indicates that it applies to torts and (2) tort actions and mandamus actions are distinct, which is contrary to appellants' contention.

Because the legislature modified the common-law mandamus action to include the automatic award of damages, we presume that it did so specifically to permit a private party to recover damages from government entities. Throughout the advent of statutory-immunity law, there has been no cross-reference between immunity statutes and the damages provision in the mandamus statute, and at no time has the Minnesota Supreme Court held that government entities are immune from damages that have been awarded under the mandamus statute. We decline to do so now.

This reasoning is more compelling in light of the legislature's decision to provide limited statutory immunity for enumerated tort actions in enacting the MTCA and explicitly declining to provide statutory immunity for contract claims. *Cf. City of Minneapolis v. Ames & Fischer Co. II,* 724 N.W.2d 749, 756 (Minn.App.2006) (stating that "a municipality is never entitled to the defense of immunity on a pure contract action"). Generally, when a party sues a municipality in tort, the party is alleging that the municipality failed to act reasonably. However, broadly speaking, when a party sues a municipality for breach of contract, the party is claiming that the municipality had a definitive, concrete obligation under the contract to perform and failed to do so. Similarly, a party in a mandamus action seeks to compel the municipality to enforce an established right or compel a performance of a specified duty. Thus, a mandamus action

is more similar to a contract action, which is not subject to statutory immunity, than it is to tort, which is subject to statutory immunity.

We believe that the plain language of the MTCA establishes that it applies to tort actions, and had the legislature intended the MTCA to apply to causes of action other than in tort, it would have said so. *See* Minn.Stat. § 645.19 (2008) (stating that statutory provisions are read to limit rather than extend operation of clauses to which they refer). Because mandamus is a separate and distinct cause of action, appellants cannot seek immunity protection pursuant to the MTCA. However, in so holding, we express no opinion whether respondent is entitled to damages under Minn.Stat. § 586.09. The only question before us is whether the district court properly denied appellant's summary judgment motion based on statutory immunity. And because we conclude that appellants are not statutorily immune, summary judgment was properly denied. Whether respondent can prevail on the merits of its damages claim is a question that properly remains with the district court. Also, because the district court properly concluded that the MTCA does not apply here, we decline to address appellants' claims that (1) the district court erred by ruling that Minn.Stat. § 586.09 is an "applicable statute," which defeats appellants' statutory immunity claim, and (2) appellants are entitled to statutory immunity pursuant to three enumerated exceptions—discretionary acts, execution of a valid or invalid ordinance, and no loss of property, personal injury, or death.

## II.

In denying appellants' motion for summary judgment on appellants' vicarious-official-immunity claim, the district court held that official immunity did not

shield appellants from liability because "the government conduct at issue constituted planning-level decision-making and a ministerial act." Appellants contend that the district court erred by holding that official immunity does not apply because "the ultimate reason for the denial of [r]espondent's building permit was a discretionary act of the Compton Township Board in adopting an interim zoning ordinance. . . . [And] the adoption of the interim zoning ordinance was a discretionary act that is more than the simple performance of a ministerial duty."

Mandamus by definition only applies to non-discretionary acts. *See* Minn.Stat. § 586.01 (2008) ("The writ of mandamus may be issued to any ... board ... to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.") Here, appellants did not appeal the grant of mandamus, and in fact promptly issued the building permit after being ordered to do so. This becomes law of the case. As such, appellants cannot now assert a qualified immunity defense, which by its nature requires a discretionary act, after having conceded that mandamus, which only applies to non-discretionary acts, was appropriate.

## III.

Appellants also contend that the district court erred by finding that Minn. Stat. § 586.09 entitles the prevailing party to damages as a matter of right. The scope of review on this interlocutory appeal is limited to the issue of immunity. *McDonough v. City of Rosemount*, 503 N.W.2d 493, 496 (Minn.App.1993) (stating that "[a]n order denying summary judgment is otherwise generally not appealable, and interlocutory review is not appropriate on issues which do not involve immunity from suit"), *review denied* (Minn. Sept. 10, 1993). Thus, we decline to address this issue.

## DECISION

Because appellants have provided no authority establishing that the MTCA provides statutory immunity for anything other than tort actions, and mandamus actions are separate and distinct from tort actions, the district court did not err by finding that appellants are not entitled to statutory immunity. And because the actions at issue were ministerial, for which official immunity does not apply, the district court did not err by finding that appellants are not entitled to vicarious official immunity. But because appellate review is limited to the issue of immunity, we decline to address the issue of whether damages are recoverable as a matter of right.

**Affirmed.**