**STATE of Minnesota, Respondent,**

v.

**Ronnie Earl PATTERSON, Jr., Appellant.**

**No. A11–2095.**

Court of Appeals of Minnesota.

Aug. 20, 2012.

Lori Swanson, Attorney General, St. Paul, MN; and Michael O. Freeman, Hennepin County Attorney, Thomas A. Weist,

Assistant County Attorney, Minneapolis, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, Benjamin J. Butler, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by STAUBER, Presiding Judge; CHUTICH, Judge; and COLLINS, Judge.[*]

## OPINION

STAUBER, Judge.

Appellant Ronnie Earl Patterson, Jr., challenges his conviction for failure to register as a predatory offender in violation of Minn.Stat. § 243.166 (2008), arguing that (1) he is not required to register as a predatory offender under the statute; (2) the evidence was insufficient to prove that he failed to notify his corrections agent five days before living at a new primary address; and (3) the district court committed plain error by admitting testimonial hearsay. In the alternative, appellant argues that the imposition of a conditional-release term must be vacated because the state did not establish that appellant had been assigned a risk-level III at the time of the offense. Because we conclude that the plain language of the statute does not require appellant to register as a predatory offender, we reverse his conviction without addressing his remaining arguments.

## FACTS

In 1998, appellant was indicted in Illinois for eleven crimes allegedly occurring on June 26, 1998. These alleged offenses included four counts of aggravated criminal sexual assault; two counts of criminal sexual assault; and one count each of vehicular invasion, vehicular hijacking, robbery, possession of a stolen motor vehicle, and unlawful restraint. Appellant pleaded guilty to the unlawful-possession charge, and the remaining counts were dismissed.

Appellant later moved to Minnesota. Over the years, appellant has pleaded guilty to numerous crimes, including attempted first-degree aggravated robbery, attempted sale of a controlled substance, and second-degree sale of a controlled substance. In 2004, appellant pleaded guilty to first-degree aggravated robbery and was sentenced to 63 months' imprisonment.

Appellant was released on parole in September 2008 and moved into a halfway house in south Minneapolis on intensive supervised release. On the evening of September 15, appellant left the halfway house for a meeting at a resource center in north Minneapolis. He contacted the halfway house and reported that he was going to the government center to receive an identification card, but he did not check in or return to the halfway house. Thirty minutes after he was scheduled to return, the halfway house staff contacted appellant's probation officer and requested a warrant.

The next morning, agents from the Minnesota Department of Corrections Fugitive Apprehension Unit found appellant allegedly hiding in the basement of his sister's house. Appellant was charged with failing to register as a predatory offender. In December 2008, appellant pleaded guilty and received a 20–month sentence, representing a downward-durational departure. One month later, the district court amended the sentence, adding a 10–year conditional release period "[a]s a level III offender in violation of Minn.Stat. § 243.166, subd. 5(a)." In December 2010, appellant moved to withdraw

[*] Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

his guilty plea under *State v. Wukawitz*, 662 N.W.2d 517 (Minn.2003), and the state agreed that the plea withdrawal was appropriate. The district court granted appellant's motion and vacated the sentence.

The case was tried to a jury, and appellant was convicted. At sentencing, the district court imposed a 30–month prison term, with credit for "at least [30] months," and a 10–year conditional-release term. This appeal follows.

## ISSUE

Does appellant's 1998 Illinois conviction for unlawful possession of a stolen motor vehicle require him to register as a predatory offender under Minn.Stat. § 243.166?

## ANALYSIS

At the close of evidence, the district court instructed the jury that appellant would be required to register if he had been "convicted of either an offense in another state that would have been a violation of Minnesota law ... or another offense in the other state arising out of the same set of circumstances as the alleged violation of Minnesota law." Appellant argues that, contrary to this instruction, he was not required to register as a predatory offender because he was not convicted of an offense enumerated in Minn.Stat. § 243.166, subd. 1b(a). Because resolution of this issue is based on interpretation of the offender-registration statute, the district court's implicit determination that appellant is required to register as a predatory offender is subject to de novo review. *See State v. Anderson*, 733 N.W.2d 128, 135 (Minn.2007) (stating an appellate court reviews interpretation of criminal statutes de novo).

Under the statute, a person with a Minnesota conviction is required to register as a predatory offender if:

(1) the person was charged with ... a felony violation of or attempt to violate, or aiding, abetting, or conspiracy to commit, any of the following, and convicted of ... that offense or another offense arising out of the same set of circumstances:

[list of laws prohibiting certain offenses];

(2) the person was charged with ... a violation of, or attempt to violate, or aiding, abetting, or conspiring to commit [list of laws prohibiting certain offenses], and convicted of ... that offense or another offense arising out of the same set of circumstances;

(3) the person was sentenced as a patterned sex offender under section 609.3455, subdivision 3a; or

(4) the person was convicted of ... violating a law of the United States, including the Uniform Code of Military Justice, similar to the offenses described in clause (1), (2), or (3).

Minn.Stat. § 243.166, subd. 1b(a).[1] By contrast, a person with an out-of-state conviction is required to register if "the person was convicted of ... an offense that would be a violation of a law described in paragraph (a) if committed in [Minnesota]." Minn.Stat. § 243.166, subd. 1b(b)(1). Noticeably absent is any mention of convictions "arising out of the same set of circumstances."

The state argues that appellant's Illinois conviction for possession of a stolen motor vehicle required him to register under the statute because "[t]he plain language of [the statute] requires registration by an offender convicted in another state of an offense arising out of the same set of

---

1. Appellant's in-state convictions do not trigger a registration requirement. *See* Minn. Stat. § 243.166, subd. 1b(a)(1), (2) (enumerating offenses requiring registration).

circumstances as a [criminal sexual conduct] charge." The state bases this argument on the fact that persons convicted of crimes out-of-state are required to register if they are convicted of "an offense that would be a violation of a law described in paragraph (a) if committed in this state," and paragraph (a) both enumerates specific Minnesota statutes and discusses other offenses "arising out of the same set of circumstances" as a charge for one of the enumerated offenses. *See* Minn.Stat. § 243.166, subd. 1b (defining registration requirements). Under the state's reading of the statute, because appellant's Illinois indictments included an offense that would be in violation of an enumerated offense if committed in Minnesota, namely third-degree criminal sexual conduct, and the possession-of-a-stolen-motor-vehicle conviction arose out of the same set of circumstances, the plain language of the statute requires appellant to register.

We disagree. The record establishes that appellant was charged in Illinois with offenses that, if committed in Minnesota, would have qualified as enumerated offenses under Minn.Stat. § 243.166, subd. 1b(a). Appellant was also charged with possession of a stolen motor vehicle, a non-enumerated offense arising out of the same set of circumstances as the alleged enumerated offenses. Appellant pleaded guilty to the non-enumerated offense, and the enumerated offenses were dismissed. Because the statute defines different registration requirements for persons with in-state convictions and persons with out-of-state convictions, the plain language of the statute indicates that the legislature intended to create two distinct registration requirements. *Compare* Minn.Stat. § 243.166, subd. 1b(a) (defining registration requirements based on in-state convictions) *with* Minn.Stat. § 243.166, subd. 1b(b) (defining registration requirements based on out-of-state convictions). The

state's reading of the statute eliminates this distinction, and is therefore unavailing. *See Owens v. Federated Mut. Implement & Hardware Ins. Co.*, 328 N.W.2d 162, 164 (Minn.1983) (stating general principle that statute should be construed as a whole and, whenever possible, no word or phrase should be deemed superfluous).

## DECISION

Under the plain language of the statute, a person with an out-of-state offense is required to register only if he or she was convicted in the other state of an offense enumerated in Minn.Stat. § 243.166, subd. 1b(a). An out-of-state conviction for an offense "arising out of the same set of circumstances" as an enumerated offense does not trigger a registration requirement under the statute. Because appellant's out-of-state conviction, had it been committed in Minnesota, would not have been for an offense enumerated in subdivision 1b(a), he was not required to register as a predatory offender, and we therefore reverse his conviction. Because we reverse the conviction on this ground, we need not address appellant's remaining arguments.

**Reversed.**

