*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A14-1093**

Oji Konata Markham, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed January 20, 2015**
**Affirmed in part, reversed in part, and remanded**
**Reilly, Judge**

Hennepin County District Court
File Nos. 27-CR-10-25000, 27-CR-11-8107

Cathryn Middlebrook, Chief Appellate Public Defender, Andrea Barts, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Lee W. Barry, III, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Chutich, Presiding Judge; Stauber, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REILLY**, Judge

Oji Konata Markham pleaded guilty to a failure to register as a predatory offender charge and a first-degree burglary charge. Markham later moved to withdraw both guilty

pleas, arguing that he was not required to register as a predatory offender in Minnesota and that the factual basis for his burglary plea was insufficient to establish the independent-crime element of first-degree burglary. We conclude that Markham's guilty plea for failure to register is invalid but that the factual basis of his burglary plea is sufficient. Therefore, we affirm in part, reverse in part, and remand.

## FACTS

In March 2014, Markham petitioned for postconviction relief, requesting to withdraw his guilty pleas for failure to register as a predatory offender and first-degree burglary.

### *Failure to Register Offense & Plea*

In 1994, the State of Indiana charged Markham with child molestation. The probable cause affidavit stated that, on April 22, 1994, A.S., who was 13 years old at the time of the offense, along with three other girls, were at an apartment with three young men, including Markham. A.S. stated that Markham took her into a bedroom and penetrated her vagina with his penis without her permission. Another girl who was with A.S. at the time corroborated that Markham and A.S. engaged in sexual intercourse in a bedroom. Markham was 19 years old at the time of the offense.

The State of Indiana initially charged Markham for "being sixteen years of age or older, [and] perform[ing] or submit[ting] to sexual intercourse with [A.S.], a child twelve years of age or older but under sixteen years of age," under Indiana Code section 35-42-4-3 (1993). The charge was then amended to "Sexual Battery (D)," which stated that Markham, "a person who, with intent to arouse or satisfy [his] own sexual desires or the

2

sexual desires of [A.S.], touched [A.S.] when [A.S.] was compelled to submit to said touching by force or the imminent threat of force." Markham pleaded guilty to the sexual battery charge in addition to another charge. The stipulated factual basis for the plea stated that on April 27, 1994, in Lake County, Indiana, Markham, with the intent to arouse his sexual desires, touched A.S., and that Markham compelled the touching by the use of force.

At some point, Markham moved to Minnesota and was informed that he was required to register as a predatory offender due to his conviction in Indiana. On June 2, 2010, the state charged Markham with failure to register as a predatory offender, in violation of Minn. Stat. § 243.166, subds. 5(a), 5(b), 1b, 5a, 10 (2008), for conduct occurring between March 22-June 2, 2010. In November 2010, Markham pleaded guilty to the failure to register charge and was released pending sentencing.

### First-Degree Burglary Offense

While the sentencing for the failure to register charge was pending, the state charged Markham with first-degree burglary. On March 20, 2011, T.T. called 911 to report a break in. When officers arrived at T.T.'s residence, Markham was inside the house with T.T., who then came running out of the house yelling that Markham had a gun. T.T. informed officers that Markham was recently served with an order for protection (OFP) precluding contact with her, and he was upset with her. Officers observed that the screen to a rear window of the residence was removed and the window was opened. Officers could not locate the gun.

3

The state charged Markham with one count of first-degree burglary, in violation of Minn. Stat. § 609.582, subd. 1(a) (2010) (occupied dwelling). On July 11, 2011, the state amended the complaint and added additional counts of first-degree burglary, in violation of Minn. Stat. § 609.582, subd. 1(c) (2010) (assault of a person within the building), and prohibited person in possession of a firearm, in violation of Minn. Stat. § 624.713, subds. 1(2), 2(b) (2010). Markham pleaded guilty to the initial first-degree burglary charge (occupied dwelling) on July 12, 2011, in exchange for dismissal of the charges in the amended complaint and for a 60-month prison sentence. The district court sentenced Markham to 60 months in prison for burglary and 36 months in prison for failure to register, to be served concurrently.

### Postconviction Proceedings

On October 25, 2012, Markham filed a pro se petition for postconviction relief, arguing that his criminal history score was incorrectly calculated. The district court denied his petition and, on appeal, we reversed and remanded the case due to a violation of Markham's right to counsel. *Markham v. State*, No. A13-0141 (Minn. App. Nov. 6, 2013) (order op.).

On March 3, 2014, counsel for Markham filed a petition for postconviction relief. Markham argued that the failure to register plea was not valid because he was not required to register as a predatory offender in Minnesota, and that his burglary plea was insufficient to establish guilt. The district court denied Markham relief, finding that the sexual battery conviction would be chargeable in Minnesota as fourth-degree sexual conduct or attempted fourth-degree sexual conduct. The district court also denied

4

Markham's motion to withdraw his burglary guilty plea, finding that Markham entered the victim's home without her consent and had contact with her, in violation of the no-contact part of the OFP.

Markham appeals both convictions.

## D E C I S I O N

Markham contends that his guilty pleas are inaccurate and therefore invalid, and that the pleas "must be withdrawn." This court reviews a district court's ultimate decision to deny postconviction relief for an abuse of discretion. *State v. Rhodes*, 675 N.W.2d 323, 326 (Minn. 2004). Because the validity of a guilty plea is a question of law, we apply de novo review. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010).

A defendant does not have an absolute right to withdraw a guilty plea. *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). The district court must allow a defendant to withdraw a guilty plea at any time if "withdrawal is necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. Manifest injustice exists when a guilty plea is invalid. *Theis*, 742 N.W.2d at 646. For a guilty plea to be valid, it "must be accurate, voluntary and intelligent." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). The defendant bears the burden of establishing that the plea was invalid. *Raleigh*, 778 N.W.2d at 94.

## I.    Failure to Register Guilty Plea

Markham maintains that his guilty plea was inaccurate because his Indiana conviction is not equivalent to Minnesota's fourth-degree criminal sexual conduct or attempted fourth-degree criminal sexual conduct conviction. "The accuracy requirement

5

protects a defendant from pleading guilty to a more serious offense than that for which he could be convicted if he insisted on his right to trial." *Id*. To be accurate, a plea establishes a proper factual basis, which is adequate "if the record contains sufficient evidence to support the conviction." *Id.*

Under the Minnesota predatory offender registration statute, a person with a Minnesota conviction is required to register as a predatory offender if:

> (1) the person was charged with . . . a felony violation of or attempt to violate, or aiding, abetting, or conspiracy to commit, any of the following, and convicted of . . . that offense or another offense arising out of the same set of circumstances:
> (i) murder under section 609.185, clause (2);
> (ii) kidnapping under section 609.25;
> (iii) criminal sexual conduct under section 609.342; 609.343; 609.344; 609.345; 609.3451, subdivision 3; or 609.3453; or
> (iv) indecent exposure under section 617.23, subdivision 3;
> . . .

Minn. Stat. § 243.166, subd. 1b(a) (2008). An individual with an out-of-state conviction, however, is only required to register if the person was "convicted of . . . an offense that would be a violation of a law described in paragraph (a) if committed in [Minnesota]." Minn. Stat. § 243.166, subd. 1b(b)(1). Notably, the 2008 predatory offender registration statute did not include the language "arising out of the same set of circumstances" in the registration requirements for out-of-state offenses. *State v. Patterson*, 819 N.W.2d 462, 464-65 (Minn. App. 2012), *review denied* (Oct. 24, 2012).

The postconviction court found that Markham's Indiana sexual battery conviction satisfied the elements of fourth-degree criminal sexual conduct under Minn. Stat.

6

§ 609.345, subd. 1(c) (2008). A defendant is guilty of fourth-degree criminal sexual conduct in Minnesota if he "engages in sexual contact with another person" and "uses force or coercion to accomplish the sexual contact." Minn. Stat. § 609.345, subd. 1(c). The relevant statute defines "sexual contact" as

> any of the following acts committed without the complainant's consent, except in those cases where consent is not a defense, and committed with sexual or aggressive intent:
> (i) the intentional touching by the actor of the complainant's intimate parts, or
> (ii) the touching by the complainant of the actor's, the complainant's, or another's intimate parts effected by a person in a position of authority, or by coercion, or by inducement if the complainant is under 13 years of age or mentally impaired, or
> (iii) the touching by another of the complainant's intimate parts effected by coercion or by a person in a position of authority, or
> (iv) in any of the cases above, the touching of the clothing covering the immediate area of the intimate parts.

Minn. Stat. § 609.341, subd. 11(a). And "intimate parts" are defined as "the primary genital area, groin, inner thigh, buttocks, or breast of a human being." *Id.*, subd. 5. The Indiana sexual battery offense that Markham was convicted of requires:

> A person who, with intent to arouse or satisfy the person's own sexual desires or the sexual desires of another person, touches another person when that person is:
> > (1) compelled to submit to the touching by force or the imminent threat of force; or
> > (2) so mentally disabled or deficient that consent to the touching cannot be given;
> commits sexual battery, a Class D felony. However, the offense is a Class C felony if it is committed by using or threatening the use of deadly force or while armed with a deadly weapon.

7

I.C. § 35-42-4-8.

As Markham correctly points out, the elements of Indiana's sexual battery statute do not require that the touching occur on a specific area of the complainant's body, whereas the Minnesota statute requires touching of the complainant's "intimate parts." The cases relied on by the postconviction court, *Frazier v. State*, 988 N.E.2d 1257, 1259-60 (Ind. App. 2013), and *McCarter v. State*, 961 N.E.2d 43, 45 (Ind. App. 2012) *transfer denied*, 967 N.E.2d 1034 (Ind. 2012), do discuss sexual battery cases involving the touching of the complainant's intimate areas. The focus of both cases was whether force or coercion was used to effect the touching. *See Frazier*, 988 N.E.2d at 1261; *McCarter*, 961 N.E.2d at 45-46.

Markham relies on three Indiana cases to illustrate that an Indiana sexual battery conviction can rest on facts that would not support a fourth-degree criminal sexual conduct conviction in Minnesota, mainly due to the area of touching. These cases are persuasive. In *Wells v. State*, the defendant was convicted of sexual battery for undoing a victim's robe, pushing it off her shoulders, grabbing the victim by the throat, pushing her onto the bed, and unfastening his pants. 568 N.E.2d 558, 560 (Ind. App. 1991). In *Walker v. State*, the defendant was convicted of sexual battery for pushing the victim into the back seat of a car, covering the victim's mouth, pulling down the victim's leggings, getting on top of her, kissing her neck, and telling her that she was pretty. 988 N.E.2d 341, 344 (Ind. App. 2013) *transfer denied*, 992 N.E.2d 207 (Ind. 2013). In *Ball v. State*, the defendant was charged with sexual battery for licking and kissing the face of a

sleeping woman. 945 N.E.2d 252, 253 (Ind. App. 2011) *transfer denied*, 962 N.E.2d 640 (Ind. 2011).[1]

In sum, these cases illustrate that Indiana's sexual battery statute penalizes a broader range of conduct than Minnesota's fourth-degree criminal sexual conduct statute. Furthermore, Indiana's sexual battery statute does not require the prohibited touching to occur in an "intimate area." Thus, our comparison of the two laws leads us to the conclusion that the elements of the Minnesota and Indiana statutes are not equivalent.

Next, Markham argues that sexual battery is not equivalent to attempted fourth-degree criminal sexual conduct. The postconviction court found that Markham's "conduct in Indiana, his use of force to touch the victim with the intent to arouse his own sexual desires, is equivalent to attempted fourth-degree criminal sexual conduct."

A person is guilty of an attempt to commit a crime if he or she, with intent to commit a crime, does an act which is a substantial step toward, and more than preparation for, the commission of the crime. Minn. Stat. § 609.17 (2008). The entire factual basis for Markham's Indiana guilty plea stipulated

4. That the victim in the cause [sic] is [A.S.]
5. That on April 27, 1994, in Gary, Lake County, Indiana the defendant came into contact with the victim.
6. That with the intent to arouse the sexual desires of the defendant, the defendant touched the victim.
7. That the defendant compelled the touching of the victim by the use of force.
8. That all of these events occurred in Lake County, Indiana.

---

[1] In *Ball*, the Indiana Court of Appeals reversed the sexual battery conviction because the court concluded that the "mental disability or deficiency" element of sexual battery was not proven beyond a reasonable doubt. 945 N.E.2d at 258.

This factual basis does not satisfy the mens rea required for attempted fourth-degree criminal sexual conduct in Minnesota. Rather, the factual basis before us only establishes the intent to arouse sexual desires by touching the victim. This basis does not establish that Markham intended to commit sexual contact, as defined by Minnesota law, by touching A.S.'s intimate parts.

Because Indiana's sexual battery statute does not require the prohibited touching to occur in an "intimate area," it is not equivalent to Minnesota's fourth-degree criminal sexual conduct statute. Accordingly, Markham's Indiana conviction does not require him to register as a predatory offender in Minnesota, and his guilty plea to the failure to register offense is inaccurate. Thus, Markham's failure to register guilty plea is invalid, and the district court erred by denying his petition to withdraw the plea pursuant to the manifest-injustice standard. *See* Minn. R. Crim. P. 15.05, subd. 1 (allowing a defendant to withdraw a guilty plea upon "proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice"). Therefore, we reverse Markham's failure to register as predatory offender conviction and remand the matter to the district court for further proceedings.

## II.     First-Degree Burglary Guilty Plea

To be guilty of burglary, a defendant must "enter[] a building without consent and with intent to commit a crime, or enter[] a building without consent and commit[] a crime while in the building." Minn. Stat. § 609.582, subd. 1. If the "the building is a dwelling and another person, not an accomplice, is present in it when the burglar enters or at any

time while the burglar is in the building," he is guilty of first-degree burglary. *Id.*, subd. 1(a). Markham maintains that the district court erred in concluding that the independent-crime element of the burglary statute was fulfilled by the violation of a no-contact provision of an OFP. The state concedes that the violation of a no-entry portion of an OFP is insufficient to satisfy the independent-crime element, but argues that a violation of another OFP provision, such as no-contact, is sufficient to satisfy this element.

The state relies on *State v. Colvin* to support its proposition that an independent crime can be established when a defendant violates a provision of an OFP other than the no-entry provision. In *Colvin*, the defendant was charged with first-degree burglary arising from the illegal entry into the home of his ex-wife. 645 N.W.2d 449, 450 (Minn. 2002). Colvin's ex-wife obtained an OFP that prohibited Colvin from entering his ex-wife's residence, having any contact with her, and entering or calling her workplace. *Id.* at 450-51. Colvin entered the ex-wife's residence through a window; the ex-wife was not home but another resident found him in the home. *Id.* at 451.

The supreme court began its analysis in *Colvin* by reaffirming that the state must prove that the defendant intended to commit an independent crime other than trespass in order for the burglary conviction to stand. *Id.* at 452 (citing *State v. Larson*, 358 N.W.2d 668, 670 (Minn. 1984)). The supreme court concluded that although the violation of a no-entry provision of an OFP is insufficient to establish the independent-crime element, an OFP violation can be accomplished in multiple ways, and the nature of the violation will determine if it constitutes an independent crime. *Id.*

11

For example, the OFP in this case prohibited Colvin from: (1) committing acts of domestic abuse against his ex-wife; (2) having any contact with his ex-wife; (3) entering her residence; and (4) entering or calling her workplace. If Colvin had acted in contravention of either the first, second, or fourth provision, his conduct would not resemble trespass, while violation of the no-entry provision clearly does bear such a resemblance.

*Id.*

Because the district court found that Colvin violated the no-entry provision of the OFP, but did not make findings as to additional OFP violations, the supreme court concluded that Colvin was not charged with the no-contact provision of the OFP. *Id.* at 453. The state's argument that Colvin intended to violate the no-contact provision of the OFP was unsupported by the record, and the supreme court reversed the conviction. *Id.* at 455-56.

Here, on the other hand, Markham's plea hearing established the following factual basis:

> [By Defense Counsel] Okay, and you entered her house and had contact with her, is that right?
> A  Yes.
> Q  And you would agree that at some point, if not at the beginning, at some point she didn't want you there and you stayed there, is that right?
> A  Yes.
> Q  And you didn't have her permission to be in that house and you were there?
> A  Right.
> Q  And you understand that that's why you are charged with Burglary, correct?
> A  Yeah.
> Q  She actually had an Order for Protection against you at the time, and you knew that, correct?
> A  Right.

12

The prosecutor then asked:

> Q  Mr. Markham, by going into the house -- or staying in the house without permission and violating the OFP, you agree that that was crime that you committed while in the house? [Brief pause.] You violated the OFP while you were in the house, correct?
> A  Yes.
> A  And you agree that that would constitute a Burglary in the First Degree?
> A  Yes.

As Markham notes, the OFP is not a part of the record, but the factual record establishes the existence and the general terms of the OFP. The usual way to satisfy the factual-basis requirement is for the defendant to express in his own words what happened. *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983). But the factual basis in a plea petition may be supplemented by a summary of the evidence, such as is provided in the complaint. *See Vernlund v. State*, 589 N.W.2d 307, 311 (Minn. App. 1999); *State v. Bishop*, 545 N.W.2d 689, 691 (Minn. App. 1996) (stating that the factual basis for a guilty plea "may be ascertained from the record, which may include defendant's testimony from the guilty plea hearing or other proceedings before the trial court, testimony of other witnesses, or statements summarizing the evidence") (citing *Trott*, 338 N.W.2d at 251).

Here, the record establishes that Markham knew that T.T. had an order for protection against him, and he knew that entering T.T.'s residence and contacting T.T. violated the OFP. A defendant who knows of the existence of the OFP is considered to know the contents of the OFP. *See* Minn. Stat. § 518B.01, subd. 14(b) (2010) (describing that an OFP violation occurs when a "person to be restrained knows of the existence of

13

the order" and violates the order). The burglary complaint stated that "[o]fficers confirmed an active OFP #27FA111651 that T.T. had against the defendant preventing him from having any contact with her or her residence and preventing him from stalking, threatening, assaulting or harassing T.T. The OFP was issued on March 7, 2011 and expires on March 8, 2013." And Markham's plea petition stated "see record" in the relevant paragraph describing the crime.

In sum, unlike the victim in *Colvin*, T.T. was in the house when Markham admitted to entering it, and Markham admitted to having contact with her while in the house. The complaint stated that the OFP contained a no-contact provision and that T.T. told officers that Markham had just been served with the OFP and was mad at her. The factual record establishes an accurate factual basis for the independent-crime element of first-degree burglary, and therefore Markham's guilty plea is valid. Accordingly, the district court did not abuse its discretion by denying Markham's postconviction petition to withdraw his first-degree burglary plea.

**Affirmed in part, reversed in part, and remanded.**